UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VISHWA M. BEHARRY, OMAWATTIE
BEHARRY, VIDUR BEHARRY AND
MINWATTIE SINGH,

                Plaintiffs,

   -against-

M.T.A. NEW YORK CITY TRANSIT
AUTHORITY, EDWARD ISENBERG, M.D., as
Physician in charge of M.T.A. New York City
Transit Authority Medical Facility; ALAN
GENSER, M.D., as Deputy Medical Director
and Medical Review Officer of M.T.A. New
York City Transit Authority; JOSEPHINE
SAPP, as Director of Labor Relations for the
Division of Electrical Systems of M.T.A. New
York City Transit Authority; and LEONARD
GRUMBACH, as Deputy Vice President of
Labor Disputes Resolution of M.T.A. New
York City Transit Authority,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 96-CV-1203 (FB)

*Appearances:*
*For the Plaintiff:*
VISHWA BEHARRY, *Pro Se*
2929 Colden Avenue
Bronx, NY 10469

*For the Defendants:*
GEORGE S. GRUPSMITH, ESQ.
New York City Transit Authority
General Counsel
130 Livingston Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

        On March 15, 1996, *pro se* plaintiff Vishwa M. Beharry ("Beharry") brought

suit on behalf of himself and three of his dependents against the M.T.A. New York City

1

Transit Authority ("M.T.A.") and various other defendants, alleging claims under the Fourth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), and a Federal Transit Administration ("FTA") regulation, 49 C.F.R. § 40.25(f), as well as related state-law claims. The Court held that it lacked subject matter jurisdiction to hear Beharry's claims under the *Rooker-Feldman* doctrine. *See Beharry v. M.T.A. New York City Transit Auth.*, 1999 WL 151671, at *9 (E.D.N.Y. Mar. 30, 1999). Relying upon its prior decision in *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996), the Second Circuit affirmed:

> The Rooker-Feldman doctrine provides that inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can only occur by way of certiorari petition to the Supreme Court. In addition, federal courts are barred from considering claims that are inextricably intertwined with a prior state court determination. Claims are inextricably intertwined if subsequent litigation of the claims would be barred under the principles of preclusion.
>
> In the present case, the Rooker-Feldman doctrine plainly bars Beharry's federal claims because they are identical to the claims in his unsuccessful Article 78 proceeding. Furthermore, to the extent that Beharry's allegations are an indirect, inextricably intertwined challenge to his Article 78 proceeding, his claims are still barred under the Rooker-Feldman doctrine. Applying the doctrine of collateral estoppel, Beharry's Fourth and Fourteenth amendment claims were actually and necessarily decided in his Article 78 proceeding where he brought the identical claims he asserted in the district court. Additionally, Beharry fails to provide sufficient facts to support his allegation that he was denied a full and fair opportunity to litigate his claims in his Article 78 proceeding. As a result, Beharry's claims are barred under the Rooker-Feldman doctrine.

2

*Beharry v. M.T.A. New York City Transit Auth.*, 2000 WL 1786333 (2d Cir. Dec. 6, 2000) (unpublished).

Beharry now moves the Court, pursuant to Rule 60(b), to reconsider its decision, in light of a recent Supreme Court decision, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517 (2005), which clarified the scope of the *Rooker-Feldman* doctrine. In *Exxon Mobil Corp.*, the Supreme Court, citing the Second Circuit's decision in *Moccio* as an example, explained that "the doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Id.* at 1521. It clarified:

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Id.* at 1521-22.

Rule 60(b)(6) authorizes a court to set aside judgment only "where there are extraordinary circumstances, or where the judgment may work an extreme and undue

3

hardship[.]"¹ *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (citation and internal quotations omitted; alteration in original). "[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Id.* at 56 (citing *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986) (denying Rule 60(b)(6) relief where Supreme Court reversed ruling on claims for indemnity under RICO statute after entry of final judgment)); *see also DeWeerth v. Baldinger*, 38 F.3d 1266, 1274 (2d Cir. 1994) ("This principle also applies in federal cases where the Supreme Court has changed the applicable rule of law."). There is no reason to depart from this general principle in this case. Moreover, even were this Court to grant reconsideration, Beharry's claims would still be barred under principles of collateral estoppel.

---

¹ Rule 60(b) lists six grounds for relief from a judgment. Beharry's motion raises no issue of mistake, newly discovered evidence, or fraud, which are grounds for relief under subsections (1), (2) and (3), respectively; in any event, a motion under any of those subsections would be untimely. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (noting the "absolute" one-year time limit for making a motion basis on those subsections). Rule 60(b)(4) authorizes relief from a void judgment, but a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright & Miller, *Federal Practice & Procedure* § 2862 (2005) (footnotes omitted); the Court's order dismissing Beharry's Complaint raises no jurisdictional or due-process concerns. Finally, Rule 60(b)(5) – which authorizes relief from a judgment that was based on a prior judgment that has been reversed or otherwise vacated – "does not apply merely because a case relied on as precedent by the court in rendering the [] judgment has since been reversed." *Id.* § 2863.

## CONCLUSION

Beharry's motion for reconsideration is denied.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
July 19, 2005